■ In the Matter of MIRAMICHI NURSING HOME, Petitioner, v. ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.— Proceeding pursuant to article 78 of the CPLR to review a determination of the respondent State Commissioner of Social Services, made December 20, 1972, which, after a hearing, refused to grant petitioner a waiver of relevant provisions of the Life Safety Code of the National Fire Protective Association (21st ed., 1967) and to certify petitioner as a provider of skilled nursing home care in accordance with the provisions of title 19 of the Federal Social Security Act (U. S. Code, tit. 42, § 1396a). Determination confirmed and proceeding dismissed on the merits, without costs. We are of the opinion that the Commissioner of Social Services properly concluded that petitioner had failed to establish that a waiver will not adversely affect the health and safety of the patients of the nursing home (U. S. Code, tit. 42, § 1396a, subd. [a], par. [28], cl. [F], subcl. [i]; Code of Fed. Reg., tit. 45, § 249.33; cf. McKinney v. Lavine, 42 A D 2d 572). Rabin, P. J., Hopkins, Munder, Martuscello and Shapiro, JJ., concur.

■ In the Matter of DONATO RUSSO, Petitioner, v. LOUIS J. FRANK, as Commissioner of Police of the County of Nassau, Respondent.— Proceeding pursuant to article 78 of the CPLR to review respondent's determination dated September 14, 1972, adjudging petitioner guilty of violating rule 22 (personal appearance) of article VIII of the Rules and Regulations of the Nassau County Police Department and fining him two days' pay. Proceeding dismissed on the merits and determination confirmed, with costs. No opinion. Latham, Gulotta, Brennan and Benjamin, JJ., concur; Martuscello, Acting P. J., concurs on constraint of Matter of Greenwald v. Frank (40 A D 2d 717, affd. 32 N Y 2d 862).